Sarah Dillon, Plaintiff in Error, v. Lindell Railway Company, Defendant in Error.

St. Louis Court of Appeals, January 7, 1896.

Street Railways: CONTRACT FOR CARRIAGE OF PASSENGER. When a passenger enters a street railway car upon the assurance of the railway company's agent that the car will convey her to her destination without change, a contract exists, and the railroad company is accordingly liable for a breach of the agreement.

*Error to the St. Louis City Circuit Court.*—Hon. P. R. Flitcraft, Judge.

REVERSED AND REMANDED.

*E. P. Johnson* for plaintiff in error.

*R. H. Kern* for defendant in error.

BOND, J.—This suit was begun before a justice, and is for damages claimed for an alleged breach of a contract made by defendant in error to carry the children attending Benton school, and their parents, from Page avenue and King's highway "around to Forest Park without change." There was a trial before the justice and judgment for defendant in error, from which an appeal was taken to the circuit court, where, after the conclusion of the testimony on a retrial, the court gave an instruction that plaintiff in error could not recover. From this ruling the case is brought here by writ of error.

The evidence shows that the plaintiff was a teacher in the Benton school, and had charge of a portion of its pupils in a picnic excursion to Forest Park, and that, on the eighth of June, 1894, the contract above set out was made on behalf of herself and the school children with the defendant; that defendant in error furnished two cars under said contract, which transported about one hundred and fifty children, their parents and teachers, including the plaintiff, from Page avenue and King's highway to Forest Park, without change, on the day in question. About 6:30 P. M. of said day the picnickers were placed by a station agent at Forest Park in two cars for the return trip. When these cars reached a junction point on the line of the street railway, Taylor and Finney avenues, one of them went through to Page avenue and King's highway and the other halted, and plaintiff and about eighty-seven children seated thereon were invited to get off and take another car for the few blocks between that point and their destination. Plaintiff declined, insisting that she was entitled to a through passage on the car on which she and the children were seated, whereupon they were taken down town to Third street and the car was side

tracked. From this point they walked up to Seventh street, and took another line of cars to their destination.

The term "around," when used as above, does not imply "there and back" as plaintiff's counsel contends; but plaintiff was entitled to the benefit of the evidence, which showed without contradiction that she entered the car upon its return trip on the distinct assurance by defendant's agent Vogt, that it would take her to the designated point without change. To this extent the uncontroverted evidence did show a contract between her and defendant, and its breach by defendant. The court, therefore, erred in taking the case from the jury, and its judgment must be reversed and the cause remanded. So ordered. All the judges concur.