SARAH DILLON, Respondent, v. LINDELL RAILWAY COMPANY, Appellant.

71 631
90 515

St. Louis Court of Appeals, October 26, 1897.

1. **Contract of Carriage**: RETRIAL: EVIDENCE: RES ADJUDICATA. On the retrial of an action against a street railway on a contract of carriage, where plaintiff introduced additional testimony as to the contract for the purpose of overcoming the construction of the contract as adjudged by this court on a former appeal, which did not materially change the facts as to the contract,—*Held:* That the issue was *res adjudicata*.

2. ———: PRINCIPAL AND AGENT: EVIDENCE: DEMURRER. In such action, where it appeared plaintiff took passage on defendant's car by the direction of a servant of defendant who had no authority, either express or implied, to instruct the traveling public as to the movement of defendant's cars, and against the direction of the conductor of the car, who informed plaintiff it would not carry her to her destination, and who had authority to speak for defendant, plaintiff assumed the risk of the authority of the former to direct the destination of the car, and the demurrer to the evidence should have been sustained.

*Appeal from the St. Louis City Circuit Court.*—Hon. Pembrook R. Flitcraft, Judge.

Reversed; Judge Bond concurring; Judge Biggs dissenting.

*Boyle, Priest & Lehmann* and *Lon O. Hocker* for appellant.

The fact that the alleged "agent" had authority to bind defendant by an assurance of the character claimed was a necessary ingredient of defendant's liability for its consequences. *Wells v. R. R.*, 35 Mo. 164; *Diel v. R'y*, 37 Mo. App. 457; *Maupin v. Mining Co.*, 78 Mo. 24.

Defendant's demurrer to the evidence should have been sustained. *R'y v. Behrens*, 37 N. E. Rep. (Ind.) 26; *Daley v. Quick*, 33 Pac. Rep. (Cal.) 861; *Alt v. Grosclose*, 61 Mo. App. 409–412; *Farber v. R'y*, 116 Mo. 92–94; s. c., 32 Mo. App. 381; *Coal Co. v. Heeman*, 86 Pa. St. 418; *Stringer v. R'y*, 96 Mo. 299; *Sherman v. R'y*, 72 Id. 63–66; *Flower v. R'y*, 69 Pa. St. 210; *Marion v. R'y*, 59 Iowa, 428; *Diel v. R'y*, *supra; Mayberry v. R'y*, 75 Mo. 492; *Griffin v. R'y*, 22 Mo. App. 622; *R'y v. Miles*, 40 Ark. 298; *Elkins v. R'y*, 3 Fost. (N. H.) 275; *Wells v. R. R.*, *supra.*

To justify a recovery against a principal for the acts of an agent, the authority of the agent to bind the principal by such acts must be shown to have been reposed in the agent, either expressly or impliedly. *Bank v. R'y*, 13 N. Y. 633; *Lumber Co. v. Ballentine*, 54 Mo. App. 180–182; *Alt v. Grosclose*, 61 Mo. App. 409–412; *Farber v. R'y*, 116 Mo. 92–94; *Bensberg v. Hains*, 46 Mo. App. 404. Although it may be both, a

servant is not necessarily an agent. *State v. Thompson*, 120 Mo. 21.

The court erred in giving plaintiff's first instruction. *Dillon v. R'y*, 64 Mo. App. 418.

The evidence being the same, the issue passed upon on the former appeal was *res adjudicata*. *Fink v. Ins. Co.*, 66 Mo. App. 514, and citations.

The court erred in limiting defendant to showing generally what Foulks' duties were and in refusing to permit defendant to show what his duties did not include, *i. e.*, authority to direct the movement of the cars, the point in controversy. *Robinson v. Bealle*, 20 Ga. 275; *Gestring v. Fisher*, 46 Mo. App. 603.

*E. P. Johnson* for respondent.

This case is within the principles announced in 74 Mo. 364, and 92 *Id.* 217, and cases cited.

The maxim, *"De minimis non curat lex,"* should be applied to this appeal, and the judgment affirmed. 5 Am. and Eng. Ency. Law, 112.

BLAND, P. J.—This case is here on a second appeal. For a statement of the principal facts in the case reference is here made to the opinion on the first appeal reported in 64 Mo. App. 418. It was adjudged on the former appeal that the contract of carriage was for one way only and not for a round trip. On the CONTRACT of carriage: retrial; evidence: res adjudicata. retrial of the case the plaintiff (respondent here) introduced new and additional testimony as to the contract for the purpose of overcoming the construction of the contract as adjudged by this court. The trial court evidently did not regard this additional testimony as sufficient for that purpose, as no instruction was given to the jury submitting this question to them. In this we think

the trial court was correct, as the additional testimony did not materially change the facts as to the contract. This issue was therefore *res adjudicata*. *Fink v. Ins. Co.*, 66 Mo. App. 514, and cases cited. On the retrial the cause was submitted to the jury upon the theory that Foulk, as the agent of appellant, had authority to direct passengers what car to take to reach a given point on the appellant's roads and to control the conductors of the cars in this regard, and that in the exercise of this authority he directed Mrs. Dillon to take the car which she did take, assuring her that it would take her to Page avenue and King's Highway. The conductor of this car told her that his trip was down town and that he would not go out to King's Highway. Notwithstanding this information, Mrs. Dillon with her pupils boarded the car as directed by Foulk and were carried down town to Third street on Washington avenue, from which point they were compelled to take a car upon another street railway and to pay fare in order to reach their homes. It was not shown that Foulk had prior to this date been in the habit of instructing the traveling public as to the running of the appellant's cars, nor was it shown that he had any express authority to do so. On the contrary it was abundantly shown by the evidence that Foulk's sole duties and authority were to take the register of the cars as they came in and to signal the conductors when to start out and to send and receive telephone messages at the telephone station in the pavilion. It is unquestionably the duty of the appellant as a common carrier of passengers for hire to provide agents and servants for the purpose of giving information to the traveling public as to the running and destination of its cars. It is a matter of common knowledge that street railway companies discharge this duty by having upon every car

*PRINCIPAL and agent: evidence: demurrer.*

or train of cars run by them, a conductor whose duty it is to give this information. The appellant had a conductor in charge of the car upon which Mrs. Dillon took passage, who informed her that his car would go down town and not to her destination. As the conductor of this car he was authorized to speak for the company, and she should have heeded his information. By following the directions of Foulk she took upon herself the risk of his authority to direct the destination of this car. There was a failure of proof, either that such authority had been expressly delegated to him by the appellant or of a course of dealing with the traveling public from which such authority might be reasonably inferred. The demurrer to the evidence as prayed by appellant should have been given.

Judgment reversed. Judge BOND concurs, Judge BIGGS dissents.

BIGGS, J. (*dissenting*).—The complaint alleges that the defendant contracted to carry the plaintiff and the children of Benton school, who might desire to attend a picnic at Forest Park, "from Page avenue and King's Highway to Forest Park, and from Forest Park to Page avenue and King's Highway, without change of cars." On the first appeal the extent of the plaintiff's evidence was that the defendant agreed to take the children and plaintiff "around to Forest Park without change." We held that this evidence did not tend to prove a contract to convey to Forest Park and *back without change of cars*. However, as there was some evidence tending to prove that Foulk, an agent of the defendant at Forest Park, directed the plaintiff and the children to take certain cars on their return trip, which cars he assured them would go direct to the corner of Page avenue and King's Highway, we held that the plaintiff was entitled to have the case submit-

ted on that theory of the evidence. For that reason the cause was remanded. Upon a retrial plaintiff introduced additional testimony as to the terms of the original agreement, and upon this testimony the court at the instance of the plaintiff again submitted the question whether the defendant agreed in the first instance to carry the plaintiff from Page avenue to Forest Park and return without change of cars. The plaintiff's instruction is as follows: "The jury are instructed that if they believe from the evidence that defendant on or about the eighth day of June, 1894, undertook and agreed with plaintiff, for hire, to carry her and such of the infant children of Benton school as might desire to go, on its cars, without change of cars, from Forest Park to Page avenue and King's Highway," etc. There was no dispute that the defendant agreed to transport plaintiff and the children from Page avenue to Forest Park without change of cars. The question was whether under the original agreement the defendant contracted to take them back without change. The foregoing instruction necessarily referred to the original undertaking, for the plaintiff's second instruction submitted the alleged agreement with Foulk. Hence I think that Judge BLAND is in error in the statement that the circuit court was of the opinion that there was no additional testimony as to the terms of the original agreement, or that its terms were not submitted or presented by the instructions. The additional testimony is this: Mrs. Jane P. Moon testified that on the evening preceding the day of the picnic she went to the office of the defendant to buy tickets for the picnic; that she there had a conversation with John Myers, the foreman of defendant's road, concerning the agreement to transport the children, and that he said "the cars would take the children from King's Highway and Page avenue to the Park, with-

out change, *and the same in the evening.*    \*  \*  \*    That
they would bring the children back without change,
\*  \*  \*  because every person ought to know that
the children couldn't be changed from one car to an-
other." Certainly this evidence tended to prove the
contract as alleged in the petition.

Plaintiff's second instruction told the jury in sub-
stance that if Foulk was the agent or employee of
defendant in starting and managing cars at the end of
its line at Forest Park, and that the plaintiff and the
school children entered the cars under his direction
and upon his assurance that the cars would take them to
their place of destination, then there could be a recov-
ery on that theory of the evidence. The evidence is
abundant that Foulk was such agent and that he gave
the direction. The only question is, whether his duties
or authority as manager of defendant's cars at that end
of the line, by necessary implication, included the duty
or power to direct persons desiring passage over the
road as to the cars they should take or as to the desti-
nation of the various cars. As there are many branches
or side lines belonging to the defendant's railway sys-
tem, in reason there ought to be someone at that end
of the line to give such information. This duty in my
opinion devolved on Foulk. Therefore I must also
dissent from the conclusion reached on this branch of
the case.