STATE OF MISSOURI to the use of CHARLES CARDWELL, Respondent, v. WILLIAM STUART et al., Appellants.

St. Louis Court of Appeals, March 15, 1898.

1. **Administration :** PRESUMPTION OF PROOF OF NOTICE OF FINAL SETTLEMENT. In the absence of a showing to the contrary, the court will presume that notice of final settlement was given as required by section 231, Revised Statutes 1889, as without it the probate court would not have been authorized to make the final settlement and discharge the administrator.

2. **Practice :** FILING PETITION AFTER PUBLICATION OF NOTICE OF FINAL SETTLEMENT. The filing of the petition in the circuit court after publication of the notice of final settlement, did not have the effect to hold in abeyance the settlement until the termination of the suit.

3. **Final Settlement:** ADMINISTRATION. A settlement is only conclusive of what is embraced within it, and is not an adjudication of moneys or other assets of the estate which were never inventoried or otherwise brought into the administration by the administrator, and to which the attention of the probate court was not called.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

W. W. FRY for appellant.

No action accrued on the bond until final settlement was made. Ridgway v. Kerfoot, 22 Mo. App. 661; Woerner Admst. Law, sec. 312, p. 654. When this suit was instituted no cause of action had accrued. The conditions of the bond had not been broken. The condition is that he "should faithfully administer said estate." This could not be determined until final settlement was made. Defendant's instructions 3, 8 and 9 should have been given. The bond of an administrator can be sued upon only at the instance of a party injured "for the waste or mismanagement of the estate, or other breach of the condition of such bond." R. S. 1889, sec. 283. There was no breach of the bond 'at the date of the suit, and relator had suffered no damage. Only a final settlement can show whether Stuart had accounted for all assets, what the indebtedness, is and what, if anything, was due relator. Relator can not maintain this action unless he has been injured by a breach of the bond. Under the evidence he had sold and assigned all his interest in the estate. Such a sale to an executor is valid. State ex rel. v. Jones, 131 Mo. 194. The relator was thirty-two years old and capable of making such sale and had the right to do so and did so. The good faith of the transaction is not questioned by the pleadings or evidence and could

not be so questioned in this section.   State ex rel. v. Jones, 131 Mo. 194.

GEORGE ROBERTSON for respondent.

Section 283, Revised Statutes 1889, provides that: "The bond of any executor or administrator may be sued on at the instance of any party injured in the name of the state to the use of such party for the waste or mismanagement of the estate or other breach of the condition of such bond." The bond is liable for his failure to inventory or account for the money. Sherwood v. Hill, 25 Mo 391; Brotherton v. Spence, 52 Mo. App. 651; State ex rel. v. Grigsby, 92 Mo. 419; State ex rel. v. Matson, 44 Mo. 305; Morehouse v. Ware, 78 Mo. 100.

BLAND, P. J.—This suit was commenced August 8, 1896, on the bond of William Stuart, administrator of the estate of Rachel Stuart, deceased.   Relator sued as the sole heir of Rachel Stuart.   He assigned as a breach of the administrator's bond, that he (the administrator) had received the sum of $1,000 of moneys belonging to the estate which he had failed to inventory, and which he had wrongfully converted to his own use.   The answer was first a general denial. Plea of payment of all that was due to relator and the taking of his final receipt therefor; plea of a final settlement by the administrator made September 2, 1896, and his final discharge, and other pleas not necessary to notice here.   There was a trial, resulting in a verdict and judgment for relator, from which defendants duly appealed to this court.

There was evidence tending to show that Stuart failed to inventory and account for all the moneys of the estate which came into his hands as administrator,

or which were in his possession at the date of the demise of Rachel Stuart, who was his wife. The administrator showed that on September 2, 1896, he made a final settlement of the estate in the probate court, and was discharged.

He read in evidence, without objection, the following agreement and receipt of relator:

"MEXICO, Mo., July 26th, 1893.

"In consideration of William Stuart advancing to me my interest in the estate of Rachel Stuart, deceased, and this day as administrator of the estate of said Rachel Stuart, deceased, advancing and paying me my said interest, $750, in said estate, I hereby obligate myself not to question or require said William Stuart to pay to said estate any money or claim that I may think he owes said estate, or take any proceedings in court, or otherwise, claiming William Stuart owes said estate anything, but accept this $750 in full of my interest.                    C. C. CARDWELL."

"Received of William Stuart, administrator of the estate of Rachel Stuart, deceased, $750 in full payment and satisfaction of my share and interest in the estate of said Rachel Stuart, deceased, as a child and heir of said deceased.                    C. C. CARDWELL."

It is not shown whether or not the administrator gave four weeks notice of his intention to make final settlement September 2, 1896, as required by section 231 of the Revised Statutes of 1889. In the absence, however, of a showing to the contrary, we will presume that the notice was given, as without it the probate court would not have been authorized to make the final settlement and discharge the administrator. State ex rel. v. Gray, 106 Mo. 527. To have given the requisite notice, its publication was made before the beginning of this suit. Since its publication was a step, and a necessary one, to confer authority on the

probate court to make the final settlement, the publication of the notice may be said to have been the commencement of an application for leave to make the final settlem ent.

The filing of the petition in the circuit court after publication of the notice of final settlement, did not have the effect to hold in abeyance the settlement until the termination of the suit, and the probate court was authorized to proceed with the settlement, notwithstanding the pendency of the suit on the bond. But the settlement is only conclusive of what is embraced within it, and is not an adjudication of moneys or other assets of the estate which were never inventoried or otherwise brought into the administration by the administrator, and to which the attention of the probate court was not called. State ex rel. v. Gray, *supra*. The receipt given by the relator and the contract executed by him at the same time, shows a settlement between him and the administrator of his claim as heir of Rachel Stuart. He was full grown, thirty-two years of age, and competent to make the settlement and give the receipt. No evidence whatever was offered to impeach the receipt; its execution is not denied, nor any facts tending to show that he did not execute it with full knowledge of all the alleged misconduct of the administrator, of which he now complains. It is an acquittance of the alleged misconduct of the administrator and a bar to a recovery under the facts and pleadings in the present record. Judgment reversed. All concur.

ON MOTION FOR REHEARING.

BLAND, P. J.—The final settlement of Stuart as administrator of the estate of Rachel Stuart is of no material importance in this case, since the item sued

for in this action is not embraced in or adjudicate d by that settlement. The receipt produced on the trial by respondent is more than a receipt for $750. It purports to be a receipt in full of Cardwell's share of the estate of Rachel Stuart. It is *prima facie* evidence, at least, of a settlement made between him and Stuart and of an ascertainment of the amount due and of payment of that amount.

To entitle Cardwell to overcome this *prima facie* defense, proof should have been introduced impeaching the receipt or a judgment of a court of equity setting it aside. Neither was done on the trial, or attempted to be done. Judge BIGGS is of the opinion that the plaintiff must first set aside the compromise or settlement receipt of $750 in a court of equity before he can recover in this action, and cites Jones v. Higgins, decided by this court at the October, 1897, term of this court, and Hancock v. Blackwell, 41 S. W. Rep. 205, in support of this view. To prevent what might turn out to be a failure of justice, we reverse the cause for retrial. All concur.