RILEY et al., Appellants, v. SHERWOOD et al.

**Division Two, March 5, 1900.**

155  37
90a 515

**Appellate Practice: REMANDING CAUSE WITH DIRECTIONS: WILL.** Where this court holds, in a contest to set aside a will, that there is no substantial evidence to support the grounds of contest, and that the trial court should have sustained a demurrer to plaintiff's evidence, and "for these errors the judgment is reversed and the cause is remanded with directions to the circuit court to proceed in accordance with the views" by this court expressed, the intention of this court is, in the absence of new or additional evidence on the part of the plaintiff, that the trial court shall enter up judgment establishing the will.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*J. D. Johnson* for appellants.

The plaintiffs were entitled to a re-trial of the case below, and to produce evidence in addition to that offered at the former trial in support of their petition. Crispen v. Hannovan, 86 Mo. 160; Lewis v. Railroad, 59 Mo. 495; Railroad v. Brown, 43 Mo. 294; Carson v. Sugget, 34 Mo. 364; State ex rel. v. St. Louis Circuit Court, 41 Mo. 574; State v. Newkirk, 49 Mo. 472. It follows, therefore, that the lower court erred in rendering the judgment now appealed from. To hold otherwise would be to deny to plaintiffs their right of

trial by jury guaranteed them by sec. 28, art. 2, of the Constitution of Missouri.

*George Robertson* also for appellants.

(1) The authority of the appellate court is confined to an examination of the record and may upon that examination first, award a new trial; second, reverse or affirm the judgment; third, give such judgment as the trial court ought to have given as to the appellate court shall seem agreeable to law. Sec. 2304, R. S. 1889. The Supreme Court did not reverse, affirm or give judgment. When a new trial is given that necessarily reverses the judgment and the usual action of the court is to "reverse and remand." The language used in this case we construed to mean the awarding of a new trial in the circuit court. (2) When the judgment is reversed and remanded the court below must proceed to re-try the case in accordance with the law as expressed in the opinion of the appellate court. State ex rel. v. St. Louis Cir. Ct., 41 Mo. 574; State v. Newkirk, 49 Mo. 472. (3) A proceeding to contest a will is an action at law and the parties are entitled to a jury. Garland v. Smith, 127 Mo. 567. It is a question for the jury of will or no will under the direction of the court. Muller v. St. Louis Hos. Ass'n, 5 Mo. App. 396; s. c., 73 Mo. 242. If the court had no power at the first trial to dismiss the jury and establish the will then it could not do so after the remanding of the cause, without again giving the parties an opportunity for a jury. The court's action in proceeding to establish the will without a jury is a denial of plaintiffs' right of trial by jury. Sec. 8888, R. S. 1889, art. 2, sec. 28, Constitution.

*W. W. Fry* and *W. M. Williams* for respondents.

(1) The circuit court properly held, that it should look to the entire opinion of the Supreme Court, and not merely

to the mandatory words with which it concluded, in determining how to proceed under the mandate. Gamble v. Gibson, 10 Mo. App. 335; West v. Brashear, 14 Pet. 51; Supervisors v. Kennecot, 94 U. S. 498. (2) This was in substance and effect a direction to the lower court to enter a judgment establishing the will, as this court held should have been done, upon the first trial in the circuit court. The practice of this court, in will contests, where the formal execution has been proved, and the contestants have submitted no substantial evidence of incapacity on the part of, or undue influence over the testator, has been to remand the case with directions to enter a judgment establishing the will. Defoe v. Defoe, 144 Mo. 458; Cash v. Lust, 142 Mo. 644; McFadin v. Catron, 138 Mo. 197; Jackson v. Hardin, 83 Mo. 175. (3) Where the formal execution of the will is proved, and there is no evidence to overthrow the *prima facie* case thus made, the court should peremptorily instruct the jury to find in favor of the will. Jackson v. Hardin, 83 Mo. 175. (4) When it plainly appears from the opinion of the appellate court, that it was not intended to reopen the case for a new trial, it is immaterial what words are used in the mandate. Supervisors v. Kennecot, 94 U. S. 498; Hurck v. Erskine. 50 Mo. 116. (5) The construction placed by the circuit court upon the mandate of this court is also in accordance with the general practice of appellate courts. Defendants should not be unnecessarily annoyed and harassed by numerous trials. Hewitt v. Steele, 136 Mo. 327. (6) When the case was remanded to the lower court with directions, this was a special power of attorney to the trial court, and it had no authority to reopen the case, or do anything other than was necessary to carry said mandate into effect. The trial court entered the only judgment proper to be rendered, under the opinion and mandate of this court, and its action should be affirmed. Choteau v. Allen, 74 Mo. 56; Stump v. Hornback, 109 Mo. 272; Reed v. McDaniel, 131 Mo. 681.

Riley v. Sherwood.

ON REHEARING.

BURGESS, J.—In an opinion filed by us in this case on January 22, 1900, we held that, for failure of appellants to comply with the rules of this court by filing a complete abstract of the record, the appeal being by what is called the "short form," under the provisions of section 2253, Revised Statutes 1889, the judgment should be affirmed, which was accordingly done. Plaintiffs now present a motion for rehearing on that ruling, and upon reconsideration we are satisfied that we erred in affirming the judgment upon the ground stated in the opinion, and that the only course open to us in such circumstance was to dismiss the appeal or continue the case. We, therefore, sustain the motion and withdraw that opinion, and as plaintiffs insist that whatever imperfections there were in their abstract were cured by the abstract of defendants, we will dispose of the case upon that theory.

This is a statutory contest of the will of Mrs. E. A. Shootman, deceased, upon the grounds of want of mental capacity to make a will, and undue influence in its execution by some of the beneficiaries named in the will. The case was before this court on a former appeal by defendants, and will be found reported in 144 Mo. 354. It was then held that there was no substantial evidence tending to support either of said grounds, and that the trial court should have sustained a demurrer to plaintiffs' evidence, and that it committed error in failing to do so.

The court saying, "And for these errors the judgment is reversed and the cause remanded with directions to the circuit court to proceed in accordance with the views herein expressed."

After the mandate from this court was received by the clerk of the circuit court of the county from which the appeal was taken, and the case again came up to be disposed of, the defendants asked the court to enter up judgment establishing

the will in contest to be the last will and testament of the testatrix, Mrs. E. A. Shootman, deceased, in accordance with the opinion and mandate of the Supreme Court, and over the objection and exception of plaintiffs, judgment was rendered in accordance with such request.

Therefore, and in due time, plaintiffs filed their motion to set aside the judgment, which being overruled they appeal.

The only question to be determined is in respect to the proper construction to be placed upon the last paragraph of the opinion of the court when the case was here before, in which it is said, "Upon the evidence we think the circuit court should have sustained a demurrer to the evidence, and refused the instruction numbered 8 given at the instance of defendant, and for these errors the judgment is reversed and the cause remanded with directions to the circuit court to proceed in accordance with the views herein expressed." It is clearly expressed in this part of the opinion that under the evidence adduced plaintiffs had failed to make a case, or to show such a state of facts as entitled them to the opinion of a jury thereon, and, as after the case was remanded by this court and again called for trial in the circuit court, they did not claim or pretend that they had any new or other evidence than that which was introduced upon the previous trial, there was but one course for the court to pursue and that was to enter up judgment establishing the will as it did.

In Atkison v. Dixon, 70 Mo. 381, in the concluding part of the opinion it is said: "We think the defense should have been sustained and a decree entered accordingly. We will, therefore, reverse the judgment for the plaintiff, and remand the cause, with directions to the circuit court to proceed in accordance with this opinion after Mrs. Dixon shall have been made a party." Notwithstanding the judgment reversing and remanding the cause, plaintiff thereafter in vacation of court dismissed his suit, and in a proceeding by the defendant

therein by mandamus against the judge of the circuit court of the county in which it had been pending to compel him to reinstate the case on the docket of his court, and to proceed therein as previously commanded by this court, it was said: "When the case of Atkison v. Dixon was here on appeal (70 Mo. 381), we regarded the evidence as having amply established the equitable right of Mrs. Dixon to the land; and such right was necessarily contested and drawn in question in that suit of plaintiff to eject her husband; and so we reversed the judgment and ordered one to be entered in accordance with that opinion; but upon suggestion being made that the wife had never been made a party we so far changed our opinion as to require her first to be made a party before a decree should be entered. This is the effect of the opinion, although the idea intended to be conveyed thereby is somewhat lacking in clearness. If the plaintiff had desired the privilege of reopening the controversy; if he had now an independent right to assert against Mrs. Dixon, rights never before litigated, he should by timely application have requested a modification of our opinion and mandate as to have secured the desired privilege." [State ex rel. v. Givan, 75 Mo. loc. cit. 517.] The peremptory writ was awarded.

So in the case at bar when it was here before we considered the evidence as having amply established the issues involved in favor of the defendants, and reversed the judgment, and remanded the cause to be proceeded with in accordance with the views expressed in the opinion.

While the idea intended to be conveyed by the language used in reversing the judgment and remanding the cause with directions to the circuit court to proceed in accordance with the views expressed in the opinion, is somewhat lacking in clearness; yet when taken in connection with other words in the same sentence, to-wit, "we think the circuit court should have sustained a demurrer to the evidence," there is no escape from the conclusion that the intention of this court in

reversing the judgment and remanding the cause to be proceeded with according to the opinion, in the absence of new or additional evidence on the part of plaintiffs, was, for the court to enter up judgment establishing the will. The court could not have proceeded in accordance with the opinion in any other way, the language used is incapable of any other fair, or reasonable construction. The judgment is therefore affirmed.

*Gantt, P. J.*, and *Sherwood, J.*, concur.