## CHARLES LAWSON, Appellant, v. J. C. SPENCER, Respondent.

**\*St. Louis Court of Appeals, April 23, 1901.**

**Res Adjudicata.** The questions now presented, in the case at bar, are identical with those once determined by this court (Lawson v. Spencer, 81 Mo. App. 169) save that the respondent, on account of the ruling of this court, omitted proof of the improvements made and taxes paid by him. The former opinion became the law of this case.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

AFFIRMED.

GOODE, J.—The facts of this controversy are stated with substantial fullness in the report of the former decision of it, to which reference is made. Lawson v. Spencer, 81 Mo. App. 169. Some additional testimony was introduced at the second trial by the plaintiff as to remarks made by Stakely and Dobbins, tending to prove, as appellant thinks, that they did not claim a vendor's lien to secure the notes made to the former by William C. Cundiff and John C. Spencer, for part of the purchase price of the land involved in the litigation, which notes Stakely assigned to Dobbins, who enforced the lien by suit.

The new testimony is too indefinite and unsatisfactory to justify us in rejecting the finding of the trial court that the lien was retained and outstanding in full force at the date the deed of trust was executed which this suit is to foreclose.

*Case not received by Reporter until February, 1902.

Lawson undoubtedly knew the Stakely notes were unpaid, whether he knew they were secured by a lien or not; for when he purchased John C. Spencer's half-interest in the land, he assumed and agreed to pay at least one of them as part of the purchase price. He testifies to that himself. But a discussion of either the evidence or the law would be superfluous, because every issue raised on this appeal was completely determined on the former one. We have made a searching comparison of the two records as well as the briefs of counsel, and are constrained to say it is impossible to rule otherwise, without disregarding the settled doctrines of the law in regard to the effect of former adjudications by courts of last resort. The chancellor strictly followed the directions given to him by the judgment and opinion in the former appeal, and it would be manifestly improper, without material alterations in the evidence, to hold he erred in so doing. The questions now presented are identical with those once determined, save that the respondent, on account of the rulings of this court, omitted proof of the improvements made and taxes paid by him. Of course this did not prejudice the appellant. The former opinion became the law of the case and the lower court rightly followed it. Overall v. Ellis, 38 Mo. 209; Metropolitan Bank of St. Louis v. Taylor, 62 Mo. 338; Keith v. Keith, 97 Mo. 223; Chapman v. Railroad, 146 Mo. 481; Fink v. Ins. Co., 66 Mo. App. 513; Dillon v. Railroad, 71 Mo. App. 631.

The other judgment was reversed with a command to re-try the case and enter a decree in accordance with the opinion, which was done, and must, therefore, stand. State ex rel. v. Edwards, 144 Mo. 467-470; Tourville v. Wabash R'y, 148 Mo. 614-623; Riley v. Sherwood, 155 Mo. 37. Without deciding that in no conceivable case would we depart from the first opinion on a subsequent appeal, we do decide that the

questions here involved require no re-examination.    Lawson v. Spencer, 81 Mo. App. supra.    With the concurrence of all the members of the court the judgment is affirmed.