## BUTLER COUNTY v. BOATMEN'S BANK, Appellant.

### In Banc, December 3, 1901.

Second Appeal: AMENDMENT OF PLEADING: QUESTION OF FACT: AFFIRMANCE. On the former appeal, the court were of the opinion that a question of fact, to-wit, did the cashier of the bank accept a deposit with knowledge that it was being made by a county treasurer as the county's financial agent in pursuance of an order of court directing that it be applied to the payment of the county bonds? should have been submitted to the jury, and remanded the cause for that reason. On retrial the pleadings were amended, but the issues remained the same as before, and that question of fact was properly tried. *Held,* that that issue of fact was the only one to be tried and determined, and the judgment should be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*David W. Hill, E. R. Lentz* and *T. K. Skinker* for respondent.

"This court will notice only such questions in this cause, upon this appeal, as were not determined by its decision on the

former appeal. Whatever was there passed upon will be deemed *res adjudicata* and no longer open to further controversy. May v. Crawford, 150 Mo. 524; Chapman v. Railroad, 146 Mo. 481; Potter v. Adams, 143 Mo. 665; Chouteau v. Gibson, 76 Mo. 51; Overall, Admr., v. Ellis, 38 Mo. 209; Wells on Res Adjudicata and Stare Decisis, sec. 613. In its decision on the former appeal in this case, this court resolved every question of law in this case in favor of the respondent herein, but made its decision to turn upon the finding on questions of fact, upon which no finding had been made by the trial court, viz.: Whether the bonds were received by defendant with knowledge of the duties the county expected it to perform in respect thereto; and whether the cashier of the defendant was, at the time, advised of the duties the county required of him, and of the limitations upon Ferguson's authority. If it should be ultimately found that the defendant did have knowledge of these facts, then the liability of the defendant was fixed and plaintiff entitled to recover. Upon the trial anew, the court sitting as a jury found the issues in favor of the plaintiff. It necessarily follows that the court did find that the defendant did have knowledge of the above facts. There was substantial testimony to sustain these findings. The testimony in relation thereto was conflicting; the finding was conclusive upon the parties; and this court will not interfere with these findings of fact. Butler County v. Boatmen's Bank, 143 Mo. 13; Freeman v. Moffit, 135 Mo. 269; State ex rel. v. Staed, 143 Mo. 248; Bethune v. Railroad, 139 Mo. 574.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for appellant in reply.

There can be no question of *res adjudicata* on this record. The case was before this court before upon a second amended petition. It is here now upon a third amended petition. The points raised by appellant are upon the pleadings and instruc-

tions. They could not have been passed upon by this court on the former appeal because no question was made upon the pleadings or respondent's instructions. The pleadings and instructions now excepted to were not then in existence, and it would seem strange that a court could decide their sufficiency and legality before they were created.

## In Division One.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the St. Louis City Circuit Court in favor of the plaintiff, and is the second appeal in the case.

The opinion on the former appeal contains a full statement of the case (Butler County v. Boatmen's Bank, 143 Mo. 13).

After the case was remanded to the circuit court for new trial, the plaintiff filed an amended petition in two counts.

The first count alleged:

1. The corporate organization of both respondent and appellant.

2. That, on March 1, 1890, respondent, through Martin Ferguson, its agent for that purpose, deposited with appellant thirty thousand dollars of its new five per cent funding bonds, with instructions, in writing, to appellant to deliver said bonds to Messrs. Wernse & Dieckman, in exchange for an equal amount of six per cent bonds of respondent, which had been called for payment and were payable at appellant's banking house, or for their face value in cash. In the event of cash being paid to appellant for any of said bonds, the appellant was directed to apply the same to the payment of the six per cent bonds called for payment as they were presented for payment.

3. That the whole of said thirty thousand dollars of five per cent bonds were delivered by appellant to said Wernse & Dieckman, who, on the first day of March, 1890, paid into

appellant's bank, in cash, the face value of said bonds.

4. That appellant failed and refused to apply the whole of said thirty thousand dollars in money to the payment of said six per cent bonds, as directed, but only paid thereon twenty-three thousand, two hundred and seventy-seven dollars and fifty cents, including several sums paid as interest on said six per cent bonds; and that appellant has neglected and refused to account to respondent for the remainder, though often requested so to do.

Judgment is then asked for six thousand, seven hundred and twenty-two dollars and fifty cents, with interest from March 1, 1890.

The second count alleged:

That on the same day, the appellant received from said Wernse & Dieckman, as premium on said five per cent bonds, the sum of nine hundred and thirty-three dollars, which sum appellant was directed by the letter of instructions from respondent to use in paying interest upon the said six per cent bonds accruing for the six months preceding the call for payment on March 1, 1890, but that respondent did not apply the whole sum to that purpose, but only so applied the sum of five hundred and thirty- seven dollars and fifty cents, and has failed and refused to account to respondent for the balance, and prays judgment for three hundred and ninety-five dollars and fifty cents, with interest from March 1, 1890.

The answer to each count was a general denial and a plea of payment, on which issue was joined by reply.

The pleadings were substantially, and the issues thereby raised precisely, the same as on the trial from which the former appeal was taken. The evidence on the second trial, with one immaterial addition, was also the same as on the first trial. At the close of all the evidence on the first trial, the court sustained a demurrer thereto, and from a judgment in favor of the defendant in pursuance of that ruling, the plaintiff appealed. On that appeal the question of defendant's liability

was thoroughly considered and after mature deliberation determined on the assumption which the evidence tended to prove that the defendant's cashier, when he accepted the deposit, had knowledge of the contents of the orders of the county court and of its letter of direction to the bank authorizing the deposit. But as the evidence as to that fact was conflicting, the judgment was reversed, and the case remanded to the circuit court in order that that question of fact might therein be determined. On the second trial that was the only issue to be tried and determined. The lower court tried that issue properly, found the same in favor of the plaintiff; and the judgment rendered thereon, from which this appeal is taken, is simply a necessary logical sequence of that finding. There was ample evidence to support the finding, and the judgment of the circuit court ought to be affirmed. [Bealey v. Smith, 158 Mo. 515; May v. Crawford, 150 Mo. 504; Baker v. Railroad, 147 Mo. 140; Chapman v. Railroad, 146 Mo. 481; Overall v. Ellis, 38 Mo. 209.]

## IN BANC.

PER CURIAM.—The foregoing opinion, handed down in Division One, is adopted as the opinion of the Court in Banc, and in accordance therewith the judgment of the circuit court is affirmed. *Burgess, C. J.,* and *Sherwood, Robinson* and *Gantt, JJ.,* concurring with *Brace, J.,* therein; *Marshall* and *Valliant, JJ.,* not sitting.