## LENA WINTER, Respondent, v. SUPREME LODGE KNIGHTS OF PYTHIAS, Appellant.

**St. Louis Court of Appeals, March 31, 1903.**

1. **Appeal:** FORMER DECISION: RES ADJUDICATA: SUFFI-
CIENCY OF EVIDENCE. The court in reviewing the sufficiency
of the evidence in a suit on a mutual benefit certificate to show
death before the date of a forfeiture of benefits for non-payment
of assessments, said: "She was required merely to furnish proof
which tended to show that fact, and to make it appear to the jury
more probable or credible than otherwise; that is to say, by a
preponderance of the evidence. That she did." *Held,* that the
evidence at both trials being specifically the same, the former
opinion was *res adjudicata,* and a demurrer to plaintiff's evidence
was properly overruled.

2. ———: DEATH PRESUMED AFTER ABSENCE OF SEVEN
YEARS. The legal presumption of death permitted at common
law upon the lapse of seven years, does not prevent showing that
death occurred earlier upon proper and sufficient proof thereof, but
the burden for that purpose is upon the party affirming the fact.

3. ———: INSTRUCTIONS PROPERLY REFUSED. It is im-
proper to instruct upon a theory not submitted by the pleadings
and evidence, and instructions of that character are properly re-
fused.

Appeal from St. Louis City Circuit Court.—*Hon. Selden
P. Spencer,* Judge.

AFFIRMED.

### STATEMENT.

The suit is to recover $2,000 on a certificate of in-
surance issued by defendant on the life of Gustav Win-
ter, payable at his death to his wife Lena Winter, the
plaintiff.

It is admitted by the pleadings that the defendant
is a fraternal beneficiary corporation. It was also ad-

mitted on the trial that Gustav Winter was dead and proof of his death had been duly made, and that he had paid all dues and assessments to the association and was in good standing up to and including March 10, 1894; that for non-payment of dues and assessments after March 10, 1894, he was suspended from the order sometime during the summer or fall months of 1894 and was never thereafter reinstated.

The only question of fact contested at the trial was as to the date of the death of the insured. The contention of plaintiff was that he died prior to March 10, 1894; of defendant that the evidence did not prove or tend to prove that he died prior to that date or at any time prior to seven years after January 18, 1894.

The evidence is that the insured had been the treasurer of his lodge, in the city of St. Louis, for six or eight years prior to an election for officers of the lodge which took place the first week in January, 1894, when he was defeated for re-election; that at this time he was a defaulter to his lodge for the sum of $196, but the defalcation was unknown to his lodge at the time. That he was a tailor by trade, sober and industrious and of a kindly disposition, and that his domestic relations were happy; that his only means of support were his earnings as a tailor; that he had no shop of his own but procured work from tailoring establishments which work he took to his home to do; that for six weeks prior to January 18, 1894, though he had diligently hunted, he had been unable to find any work; that for this reason he became very much depressed, was despondent, and at times acted unnaturally; that between one and two o'clock on January 18, 1894, he left home saying that he was going to Mr. Schlesinger who, he said, had promised to give him some work. There was only a few dollars in money in the house at this time. He took no extra clothing with him, did not go to Mr. Schlesinger's and never was seen or heard of afterwards. His family and friends searched St. Louis and East St. Louis

for him and advertised his disappearance in the papers, but no tidings were ever had or trace of him ever found.

The defendant offered a demurrer to the evidence which was by the court overruled and the court instructed the jury as follows:

"Gentlemen of the jury: All questions in this case, except one, have been eliminated from your consideration by the statement of counsel, and that question for you to determine is this: Did Gustav Winter die before March 10, 1894?

"It is admitted that his dues in defendant lodge were all paid up to March 10, 1894, and that the plaintiff in this case made all necessary proofs of loss and that if Gustav Winter died prior to March 10, 1894, the plaintiff in this case is entitled to your verdict. In determining the question thus submitted to you, you are instructed that the burden of proving that the death of Gustav Winter occurred prior to March 10, 1894, is upon the plaintiff, that is, she must establish the truth of it by a preponderance, or greater weight, of the testimony.

"The fact or time of death need not be proved, however, by positive or direct evidence, but may be established by an unexplained disappearance as hereinafter provided. If you believe from the evidence that prior to March 10, 1894, Gustav Winter disappeared and has not been heard of for seven years—and that considering all the other facts in evidence—and as well his habits, character, antecedents, and surroundings at and prior to his disappearance, he came to his death prior to March 10, 1894, your verdict should be for the plaintiff, and unless you so find, as in these instructions defined, your verdict should be for the defendant.

"If your verdict is for the plaintiff, it will be in the sum of $2,000, with interest at the rate of six per cent from February 11, 1901 (the date of the commencement of this suit)."

*R. P. & C. B. Williams* for appellant.

(1) An absentee, shown not to have been heard of for seven years by persons who, if he had been alive, would naturally have heard of him, is presumed to have been alive until the expiration of such seven years, and to have died at the end of that term. Lawson on Presumptive Evidence, p. 251, and authorities cited; Kanz v. Great Council, 13 Mo. App. 341; Lancaster, Administrator v. Life Ins. Co., 62 Mo. 128; Hancock v. Life Ins. Co., 62 Mo. 32; Whiting v. Nichol, 46 Ill. 230; Reedy v. Miligen, 155 Ill. 636; Bailey v. Bailey, 36 Mich. 181; Smith v. Knowlton, 11 N. H. 191; Clark's Exrs. v. Canfield, 15 N. J. Eq. 119; In re Eagle, 3 Abb. Prac. 218; Burr v. Sim, 4 Wheat. 150; In re Mutual Benefit Co., 34 Atl. 483; Seeds v. Grand Lodge, 61 N. W. 411; Flood v. Growney, 126 Mo. 262; Biegler v. Supreme Council, 57 Mo. App. 419; Donaldson v. Lewis, 7 Mo. App. 403. (2) The presumption of death of an absent person at the time of the disappearance or at any time within the period of seven years, from circumstances, is not a legal presumption, but is merely a natural or rational inference, drawn from the stronger probabilities of the case, and is nothing more nor less than the proof of such death by circumstantial evidence. Clark v. Canfield, 15 N. J. Eq. 119; Ins. Co. v. Stevens, 71 Fed. 218; Hancock v. Ins. Co., 62 Mo. 32.

*Lee W. Grant* and *P. B. Kennedy* for respondent.

(1) Where a man has disappeared and has not been heard of for seven years, there is no presumption in this State that he died at the end of the seven years. Nor is it necessary to show that he was at that time subject to some specific peril in order for the jury to find that he is dead. The plaintiff need only adduce evidence which tends to show that he was dead. Winter v. Supreme Lodge, 69 S. W. 662; Carpenter v. Legion of

Honor, 79 Mo. App. 597; Biegler v. Legion of Honor, 57 Mo. App. 419. (2) The plaintiff has produced evidence which in the opinion of two juries, petit and special, and of the trial court, and of this court on the former appeal, was sufficient to enable the jury to find that Winter died prior to March 10, 1894. There is no material difference between the evidence at the first trial and that at the second trial. This question is *res adjudicata*, for where there is no material change in the evidence, the opinion of this court is the law of the case upon another appeal as to all points considered and decided. Baker v. Railroad, 147 Mo. 140; Chapman v. Railroad, 146 Mo. 481; Carey v. West, 165 Mo. 452; Butler County v. Bank, 165 Mo. 456.

BLAND, P. J.—The case was here by appeal once before on substantially the same evidence as we find in the record on the present appeal.

In respect to the death of Winter, this court on the former appeal said:

"The weight of authority supports plaintiff's proposition that the inference of death deducible from the absence of Winter during seven years, in the circumstances described, does not necessarily imply that his death occurred at the end of that period. The circumstances of each case are to be weighed. If they warrant an inference of death of the individual in question at an earlier date than the close of the seven years of absence, a finding that the death so occurred may stand. Tisdale v. Insurance Co., 26 Iowa 170, 96 Am. Dec. 136, approved in Hancock v. Insurance Co., 62 Mo. 26, and in Lancaster v. Insurance Co., 62 Mo. 121. The three cases just cited are authority to sustain the ruling of the learned trial judge in submitting to the jury the issue of fact whether or not Winter died before March 10, 1894. The substance of the testimony has been given. We need not repeat it. Plaintiff was not required to establish beyond a reasonable doubt the fact

of the death of the insured prior to the date named. She was required merely to furnish proof which tended to show that fact, and to make it appear to the jury more probable or credible than otherwise; that is to say, by the preponderance of the evidence. That she did. Lancaster v. Insurance Co., 62 Mo. 121; Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086; Rhodes v. Rhodes, 36 Ch. Div. 586; Insurance Co. v. Stevens, 18 C. C. A. 107, 71 Fed. 258; Garden v. Garden, 2 Houst. 574; Hamilton v. Rathbone, 9 App. D. C. 48; Schaub v. Griffin, 84 Md. 557, 36 Atl. 443; Cox v. Ellsworth, 18 Neb. 664, 26 N. W. 460, 53 Am. Rep. 827.''

In Carpenter v. Supreme Council Legion of Honor, 79 Mo. App. 597, this court, in speaking with reference to the legal presumption of death from disappearance, said: ''The legal presumption of death permitted at common law upon the lapse of seven years is also allowable before the expiration of that period, if there is evidence tending to prove that death occurred at an earlier date, or showing a greater probability of death than life at the prior date, . . . . but that the burden of proving death within seven years is cast upon the party affirming the fact.''

In Biegler v. Supreme Council Am. Legion of Honor, 57 Mo. App. 419, it was held: ''The sufficiency of presumptive proof of death at common law depends upon the facts of each case.''

The instruction that was condemned on the former appeal was amended at the last trial so as to conform to the opinion of this court.

The evidence at both trials being specifically the same, the former opinion holding, in effect, that it should be left to the jury to determine, from all the facts and circumstances in evidence, whether or not Winter died prior to March 10, 1894, is *res adjudicata.* Chapman v. Railway Co., 146 Mo. 480; Baker v. Railroad, 147 Mo. 140; Carey v. West, 165 Mo. 452; Butler

County v. Boatmen's Bank, 165 Mo. 456. The demurrer to the evidence was therefore properly overruled.

On its assumption that if Gustav Winter died prior to March 10, 1894, he committed suicide, defendant asked a number of instructions, on the presumption of innocence and of the love of life as opposed to the assumed theory of suicide, which the court refused. The theory of suicide was not submitted to the jury, nor was any other theory as to the manner or cause of the death of Winter. The jury was instructed, in effect, that there were facts and circumstances in evidence from which they might infer that Winter died prior to March 10, 1894. They were not required, nor was it essential to the validity of their verdict, that they should find by what means Winter died or how he came to his death. All they were required to do, to find that he died prior to March 10, 1894, was to find from the facts and circumstances in evidence that there was a greater probability that he was dead prior to that date than that he was living.

The other instructions asked by defendant are opposed to the rulings of this court on the former appeal and were properly refused.

There being no reversible error in the record, the judgment is affirmed. All concur.