STATE ex rel. C. CARDWELL, Respondent, v. WM. STUART et al., Appellants.

### St. Louis Court of Appeals, May 12, 1903.

1. **Former Appeal: LAW OF THE CASE.** The decision of the court on a former appeal that a settlement signed and delivered by plaintiff to defendant as administrator operated as an acquittance of any misconduct of the administrator, subject to the settlement being impeached, under a plea of fraud or mistake, is the law of the case.

#### ON MOTION FOR REHEARING.

2. **Former Opinion Misconceived: COUNSEL: CAUSE RE-MANDED.** Counsel having misconceived the purport of the opinion rendered in this cause on the first appeal, which was that by appropriate plea plaintiff could attack the settlement made with defendant, for fraud or mistake, the cause, in order to afford him another opportunity to amend his pleading for that purpose, will be remanded.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*John T. Baker* and *W. W. Fry* for appellant.

*George Robertson* for respondent.

BLAND, P. J.—The facts of this case are satisfactorily stated in the opinion of this court on a former appeal (74 Mo. App. 182). The judgment was then reversed. But on motion for rehearing the cause was remanded to afford the plaintiff an opportunity to impeach the settlement theretofore made between him and Stuart, the administrator, which was pleaded by defendants as a bar to plaintiff's right of recovery. Instead of impeaching the settlement for fraud or mistake, the plaintiff in his reply to that portion of the answer set-

ting up the settlement as a bar, stated the following:

"And plaintiff further says that is is true that the said defendant, William Stuart, as such administrator, did pay to him the sum of seven hundred and fifty dollars, in part payment of his interest in said estate, but the said plaintiff has never received from said administrator but the sum of seven hundred and fifty dollars, and there is still a balance coming to him as alleged in his petition."

There is not a ray of evidence tending to impeach the settlement, yet in the absence of either allegation or proof to impeach the settlement, the trial court, in utter disregard of the decision of this court on the former appeal, to the effect that the settlements signed and delivered by plaintiff to Stuart, as administrator, operated as an acquittance of the alleged misconduct of Stuart, submitted the issues to the jury on the theory that the written evidence of the settlements were but ordinary receipts and subject to explanation, and permitted a verdict of $1,000 in favor of plaintiff to stand. The opinion of this court on the former appeal is the law of this case. Overall v. Ellis, 38 Mo. 209; Potter v. Adams, 143 Mo. 665; Chapman v. Railway, 146 Mo. 481; May v. Crawford, 150 Mo. l. c. 524; Butler County v. Boatmen's Bank, 165 Mo. 456; Lancaster v. Elliott, 42 Mo. App. 503; Lawson v. Spencer, 90 Mo. App. 514.

The judgment is reversed. *Reyburn* and *Goode, JJ.*, concur.

### OPINION ON MOTION FOR REHEARING.

PER CURIAM.—Counsel for respondent seems to have a misconception of the scope of our opinion filed in this cause. It was not, as he seems to think, decided or intended to be decided that plaintiff might not by an appropriate plea set aside the settlement he made with defendant as administrator on the ground of fraud, mistake or other matter of equitable jurisdiction. All

we decided was that we adhered to our opinion rendered on the former appeal (74 Mo. App. 182) that the writing given by plaintiff to defendant was something more than a receipt, that it was an acquittance of the alleged misconduct of the administrator and a bar to the prosecution of the suit on his bond which the plaintiff must remove by a decree of a court of equity before he could successfully prosecute his suit on the bond.

The plaintiff is at liberty, under our code practice, to unite in the same petition a count for equitable relief with a count for legal relief, but he can not have both kinds of relief on one count. We held on the first appeal that plaintiff might by his reply to the answer plead such facts as would entitle him to have the settlement set aside. To afford him another opportunity to amend his pleading so as to directly attack the settlement, the cause will be remanded.

In explanation of the principal opinion wherein it is said "there is not a ray of testimony in the record tending to prove fraud in the settlement," we wish it to be understood that this remark was made in view of the issues as made up. The idea intended to be conveyed was that the evidence offered to impeach the settlement was not competent under the issues as made up, and not that a misrepresentation by Stuart to Cardwell, as to the amount of money in his hands, upon which Cardwell relied in making the statement, was not in fact such a fraud as would authorize a court of equity to find the settlement fraudulent.

The judgment is reversed and the cause remanded.