WILLIAM JOHNSON, et ux., Appellants, v. CITY OF BOONVILLE, Respondent.

Kansas City Court of Appeals, January 8, 1900.*

1. Appellate Practice: SETTING ASIDE VERDICT: MOTION FOR NEW TRIAL. If the trial court's action in awarding a new trial can be sustained on any ground assigned in motion therefor, then such action should be affirmed.

2. Witnesses: COMPETENCY OF: SURVEYORS: STATUTE. Section 8312, Revised Statutes 1889, is designed to designate what surveys are legal but does not attempt to designate what surveyors are competent witnesses or to limit their testimony. And a private surveyor is a competent witness in regard to the location of a land line.

3. ———: EVIDENCE: APPELLATE AND TRIAL PRACTICE. The fact that a competent witness was excluded by the trial court is not reversible error unless the record shows what the witness would have testified to, as it can not be assumed that his testimony would be favorable to the party offering it.

NOTE.—Received by the reporter November 20, 1900.

4. **Municipal Corporations:** APPROPRIATING LAND · FOR STREET: CHANGING GRADE: EVIDENCE: INSTRUCTIONS. In an action against the city to recover damages for appropriating plaintiff's ground for a public street, there can be no recovery for changing the grade of the street and the evidence as to such change is incompetent —especially in the absence of an ordinance ordering such change. Instructions criticized and approved.

5. **Appellate and Trial Practice:** WEIGHT OF THE EVIDENCE. Granting a new trial on the ground that the verdict was against the weight of the evidence rests peculiarly with the trial court. Its discretion will rarely be interfered with in the absence of plain injustice.

Appeal from Cooper Circuit Court.—*Hon. D. W. Shackleford,* Judge.

AFFIRMED.

*Jasper McDaniel, J. W. Jamison* and *W. M. Williams* for appellants.

(1) The court properly permitted the plaintiffs to prove that the strip of ground was cut down below the level of the lots, and that thereby the remainder of the property not actually taken was damaged. McReynolds v. Railway, 110 Mo. 484; Doyle v. Railway, 113 Mo. 280. The action is based upon the wrongful conduct of the city in entering upon the plaintiffs' property, and appropriating a strip thereof to its own use, as a part of a public street. Soulard v. City of St. Louis, 36 Mo. 546; Dooley v. City of Kansas, 82 Mo. 444; McReynolds v. Railway, 110 Mo. 484. (2) It does not appear what his answer would have been. There was no offer to show wherein the response to the question would have been material to the defense set up in the case. "The mere refusal to hear the answer is not alone sufficient to constitute error." State ex rel. Farwell v. Leland, 82 Mo.

263; State v. Martin, 124 Mo. 514; Morton v. Heidorn, 135 Mo. 614; Kraxberger v. Roiter, 91 Mo. 408. (3) The city was clearly liable if it appropriated a part of plaintiffs' lots for public use as an addition to Spruce street. Soulard v. City of St. Louis, 36 Mo. 546; Dooley v. City of Kansas, 82 Mo. 445. The proper measure of damages was the value of the strip taken, together with any damages caused to the remainder of the tract by reason of the appropriation of said strip, as a part of the street. The same rule would apply as in a condemnation proceeding. McReynolds v. Railway, 110 Mo. 484; Doyle v. Railway, 113 Mo. 280. (4) The ruling of the court in refusing to give the instructions asked by the defendant was correct, and would have to be repeated upon a new trial. Bennett v. Woody, 137 Mo. 383; Doyle v. Railway, 113 Mo. 290.

*C. W. Journey* and *W. G. Pendleton* for respondent.

(1) The court refused to permit respondent's witness, S. W. Ravenel, to testify as to the survey of the disputed line made by him, for the reason that he was not the county surveyor, and that the county surveyor's survey was conclusive. This was error. Hopper v. Hickman, 145 Mo. 411. (2) The witness, after qualifying himself by stating that he was a surveyor and city engineer of Boonville, stated that he made a survey of the line in dispute. He was then asked, in substance, to state where he found the line to be; which question he was not permitted to answer. The location of this line was the one and only question in the case upon which the right of recovery depended. The question propounded to the witness went directly to the point in issue, and "was in such form as to disclose its materiality." Armstrong v. Farrar, 8 Mo. 627; Jackson v. Hardin, 83 Mo. 175; Kraxburger v. Roiter, 91 Mo. 408. (3) The court erred in refus-

ing defendant's instructions, particularly instructions 2, 3, 4 and 5. Soulard v. City of St. Louis, 36 Mo. 546; Stewart v. The City of Clinton, 79 Mo. 603; Werth v. City of Springfield, 22 Mo. App. 12; Maudlin v. City of Trenton, 67 Mo. App. 452. (4) The trial court was authorized to set aside the verdict on the ground that it was against the weight of the evidence. The motion for a new trial specifies this ground. The appellate courts are indisposed to interfere with this discretion of the trial courts. Bank v. Wood, 124 Mo. 72; Millar v. Car Co., 130 Mo. 517.

GILL, J.—This is an appeal from an order granting a new trial. Plaintiffs were the admitted owners of certain real estate situated along the north line of Spruce street in Boonville, described as lots one and eight in block 1, Wyan's addition. Plaintiffs maintained a fence along what they claimed as their south line and the north line of the street. In August, 1897, the defendant city, it is conceded, entered upon and appropriated as part of the street, a strip of this land along the north line of said Spruce street—said strip measuring at one end about five feet and at the other fourteen inches—and plaintiffs thereupon brought this action for damages. In its answer, the city admitted taking possession of the land, but alleged that said strip was a part of the street and no part of plaintiffs' abutting lots. On a trial by jury plaintiffs had a verdict for $275, but the court afterwards sustained defendant's motion for a new trial, without however stating any reason therefor, and the plaintiffs then appealed.

It is well settled that if the court's action in awarding a new trial can be sustained on any of the grounds assigned in the motion therefor, then the order or judgment of the lower court should be affirmed. Bank v. Wood, 124 Mo. 72. Defendant's motion for new trial complained of the court's

action in excluding competent and legal evidence offered by defendant; complained of its action in giving and refusing instructions; and further, that the verdict was against the evidence, and the weight of the evidence. If then the setting aside the verdict and awarding a new trial can be supported on any of these grounds, this court ought not to interfere.

The main question of fact, as the record discloses, was as to the exact location of the line between plaintiffs' lots and Spruce street. Plaintiffs first introduced the deputy county surveyor who, in effect, testified that he had surveyed the property and found that this line corresponded with plaintiffs' contention—in other words, that the strip of land in question was within the boundaries of plaintiffs' lots, and not within the lines of the street. Subsequently, defendant called as a witness a private surveyor, who had been city engineer. After testifying that he had made a survey of the north line of Spruce street, where it adjoins plaintiffs' lot, he was asked by defendant's counsel: "What did you find with reference to the street line between William Johnson's property and Spruce street?" Plaintiffs' counsel objected to any testimony on the part of the witness relating to any surveys made by him, on the ground that such witness was not a county surveyor or a surveyor employed by consent of the parties. The court sustained the objection and excluded the evidence.

In so ruling, the court attempted evidently to follow what was thought to be the meaning of section 8312, Revised Statutes 1889, where it is provided, that "No survey * * except that of the county surveyor or his deputy, shall be considered legal evidence in any court in this state, except such surveys as are made by the authority of the United States or by mutual consent of the parties." But by a late decision of the supreme court (Hopper v. Hickman, 145 Mo. 411) this ruling was error. It was there held that the foregoing

section was not intended to disqualify any surveyor, private or official, from testifying in relation to surveys made by such person; "that the section was designed to name and designate what *surveys* should be considered legal evidence, but in no manner attempted to designate what *surveyors* are competent as witnesses, or to what questions their testimony shall be limited." But, as was said in Morton v. Heidorn, 135 Mo. loc. cit. 614: "No offer was made to show, nor does it in any manner appear, that the answer would have tended to support defendant's case or theory on the point to which the question was aimed. The witness' knowledge may have been adverse to defendant's contention for aught that appears. The court can not assume that it would have been favorable to it." In other words, the answer of the witness may have been that he found the line between Spruce street and plaintiffs' property just where the county surveyor placed it and where plaintiffs claimed it to be. The exclusion then of such evidence could not, in that light, have been prejudicial to the defendant. We are not then prepared to say that the court's ruling on the evidence offered was such as to warrant the granting of a new trial.

There was, however, error committed in the matter of instructions, given and refused, as well as in admitting incompetent evidence.

It is well, here to bear in mind that this suit was solely to recover damages for the taking and appropriating for street purposes a strip off plaintiffs' lots; the purpose was not to recover for damages resulting from changing the grade of the street. The petition as originally filed had a count of this nature, but plaintiffs abandoned that before trial. Notwithstanding this, plaintiffs were allowed, over defendant's objections, to introduce evidence relating to the reduction of the grade of the street and as to the damages resulting therefrom —and this, too, in the face of the fact that there was no proof

that such change of grade was ever legally authorized by the city council. And when the cause went to the jury, the instructions, in effect, authorized the giving of damages occasioned by cutting the street and reducing its grade. This was manifest error; for, as already stated, the record fails to show that an ordinance was ever passed directing such grading, and without this, as has been repeatedly decided, the city could not be held for such damages. Stuebuer v. St. Joseph (decided this term) and cases there cited.

Defendant's second instruction, offered but refused, correctly presented the theory of the defense, and ought to have been given. The court was there requested to advise the jury that "if it was found from the evidence that the strip of ground in question was a part of Spruce street, then the plaintiffs are not entitled to recover under the evidence in this case for any acts complained of in their petition, and your verdict should be for defendant." This was the very pith of the case. If the strip of land appropriated was a part of, or within the boundaries of plaintiffs' lots one and eight, then they should have recovered the full value of the strip so taken and appropriated by the city together with whatever damages, if any, that resulted to the remainder of the lots by such taking. McReynolds v. Railway, 110 Mo. 484. But plaintiffs were not entitled, under the evidence, to recover anything by reason of the change of grade in the street, because, as already stated, it was not shown that the proper city authorities, to-wit, the city council, had ever directed any change in the street surface.

Neither are we prepared to deny that the trial court was authorized to grant a new trial because the verdict was against the weight of the evidence. A review of the evidence set out in the record suggests that his ground for a new trial might well have sustained the court's action. "It is the well-settled law in this state that the granting or refusing of new trials on

the ground that the verdict is against the weight of the evi-
dence, rests peculiarly with the judge presiding at the trial,
and that his discretion in this particular will rarely be
interfered with, unless it plainly appears that injustice has
been done, or that it has been unsoundly or arbitrarily
exercised." Bank v. Wood, *supra.*

It appearing then that the court was justified in grant-
ing a new trial for one or more of the reasons set out in the
motion therefor, the judgment or order will be affirmed. All
concur.