## CAREY et al. v. WEST et al., Appellants.

**In Banc, December 3, 1901.**

1. **Second Appeal: LEGAL PROPOSITIONS: STARE DECISIS.** Where all the legal propositions presented on a second appeal and passed upon by the trial court at the second trial, were passed upon in the former appeal, the law of the case was settled on the first appeal.

2. **Reversed and Remanded: DUTY OF TRIAL COURT.** Where a case has been reversed and remanded, it is in effect a direction to the trial court to retry it according to the law as declared in the opinion, and to decline to do so would at least subject the trial court to criticism.

Appeal from Greene Circuit Court.—*Hon. T. J. Murray,* Special Judge.

REVERSED AND REMANDED *(with directions).*

*Gideon & Gideon, Patterson & Patterson* and *While & McCammon* for appellants.

(1)  All questions concerning the regularity, good faith and validity of the transactions of Elisha Headlee, administrator de bonis non, in selling other land (not involved in this trial), the amount due Sarah M. Harrington on her final settlement with him, are *res adjudicata*, having been determined by the court in affirming the judgment of the circuit court. Carey v. West, 139 Mo. 146. The introduction, therefore, of Headlee's petitions, settlements and evidence of his payments was error. (2)  This court, in that decision, also decided that these defendants were entitled to a lien for the purchase money. Since no new evidence has been introduced, in the record now before the court, that question is *res adjudicata*. Carey v. West, 139 Mo. 174; Scudder v. Ames, 142 Mo. 225; Baker v. Railroad, 147 Mo. 152; Chapman v. Railroad, 146 Mo. 495; Chouteau v. Gibson, 76 Mo. 38; Overall v. Ellis, 38 Mo. 209; Bank v. Taylor, 62 Mo. 338.

*H. E. Howell* and *Lincoln & Lydy* for respondents.

(1)  While the questions of law determined on the first appeal in this case are not now open for discussion and are *res adjudicata*, the questions of fact are now for consideration and discussion. Especially is this so, when a mass of new material and important evidence on the main issue in the case was offered on the last trial that was not offered on the first trial. So important was this new evidence, in the mind of the trial judge, that on the first trial the court found that the five hundred and forty dollars purchase money was paid; and on the last trial the court found it never was paid. Respondents therefore insist, that the opinion of this court on the first appeal on questions of fact are not *res adjudicata* and authorities cited by counsel for appellants on this point are not applicable to this case, as is apparent from an examination of the cases. (2)  This court on the first appeal does not appear, from the opinion delivered, to have made any finding

from the evidence as to the payment of the five hundred and forty dollars purchase money by Mrs. West for the land, but seems to have taken it for granted that it was paid in deference to the finding of the court below that it was paid, for this court said in that opinion that the record is the case was in "such a chaotic condition that it is next to impossible to determine from it what the real facts in the case are, and we must, under the circumstances, defer in a large measure to the finding of the court below" (Carey v. West, 139 Mo. 178), and probably did so defer, and respondents only ask this court to again so defer to the finding of fact by the court below, and so affirm the judgment. This case was tried on the second trial with substantial conformity to the former decision of this court in the case, and the judgment of the court below should be affirmed. The question of *res adjudicata* was not pleaded, raised or considered on the trial in the court below. (3) "The judgment reversed becomes mere waste paper, and the parties to it are allowed to proceed in the court below to obtain a final determination of their rights in the same manner and to the same extent as if the cause had never been heard or decided by any court. Neither, in the subsequent prosecution of the cause, can suffer detriment nor receive assistance from the former adjudication." Freeman on Judgments, sec. 481; Crispen v. Hannovan, 86 Mo. 168; May v. Crawford, 150 Mo. 525.

## In Division Two.

BURGESS, J.—This is the second appeal in this case. It was before this court at the April term, 1897, and is reported in 139 Mo. 146. At that time several tracts of land, other than the tracts involved in this appeal, were in controversy. The judgment of the trial court was affirmed (which was for the defendants) as to all the land except three forty-acre tracts, which are referred to and described in the record

and decision, as the three east forties, designated on the plat as 1, 2 and 3. As to these three forties it was held by this court, that the defendant, Sarah M. West, had bought them at administrator's sale, and paid for them; that because of irregularities in the proceedings in the probate court she acquired no title; that as she acquired no title she was entitled to a lien on the land for the purchase money paid by her for it, which should be paid before the assignment of her dower; and, that the trial court committed error in allowing compensation for improvements before dower should be assigned. The judgment was, therefore, reversed and the cause remanded for the ascertainment of the amount of the purchase money paid by her for each forty and the interest thereon, and in accordance with these rulings, defendants filed separate answers in which they asked to be reimbursed the purchase money before the widow's dower should be assigned.

The trial court, however, construed the former decision as leaving open for investigation the sale and purchase by Mrs. West of the lands in question, went into all the facts and details of the administration, including the charges of fraud in the management of the estate, and found that there was no fraud, but found that the purchase money was not paid. Defendants appeal.

All the legal propositions presented by this appeal, and passed upon by the court below upon the last trial were passed upon by this court when the case was here before, and, therefore, the law of the case settled. [Chouteau v. Gibson, 76 Mo. 38; Overall v. Ellis, 38 Mo. 209; Metropolitan Bank v. Taylor, 62 Mo. 338; Chapman v. Railroad, 146 Mo. 481; May v. Crawford, 150 Mo. 504; Bealey v. Smith, 158 Mo. 521.]

In Baker v. Railroad, 147 Mo. 140, it is said: "When a case like this is reversed and remanded, it is in effect a direction to the court to retry it according to the law as declared in the opinion, and to decline to do so, would at least subject the trial court to criticism."

We therefore reverse the judgment and remand the cause with directions to the court below to ascertain the amount of purchase money paid for each forty and interest thereon, to be a lien upon the land, and, to be paid before assignment of the widow's dower. *Sherwood, P. J.,* dissents; *Gantt, J.,* concurs.

## In Banc.

PER CURIAM.—The foregoing opinion of Burgess, J., in Division Two, is approved and adopted by the Court in Banc. *Burgess, C. J., Robinson, Brace, Marshall, Valliant* and *Gantt, JJ.,* concur; *Sherwood, J.,* dissents.