# ASHBY, Respondent, v. ELSBERRY AND NEW HOPE GRAVEL ROAD COMPANY, Appellant.

### St. Louis Court of Appeals, January 24, 1905.

1. **PRACTICE: Evidence.** In an action for personal injuries received by plaintiff as a consequence of negligence of the defendant, evidence of facts which did not show negligence, but which were necessary to show the conditions under which the accident occurred, in making out plaintiff's case, was not error where the jury was properly instructed as to the effect of such facts.

2. ——: **Remarks of Court.** An exception to the remarks of the court in ruling upon the admission of evidence, if not carried forward in the motion for new trial, is deemed waived and will not be reviewed on appeal.

3. ——: **Examining Witness: Discretion of Trial Judge.** The mode and manner of examining a witness is largely within the discretion of the trial court, and to permit the examination of a reluctant witness by referring to his evidence on a former trial as preserved in the bill of exceptions, was not an abuse of such discretion.

4. ——: **Instruction: Definition.** An instruction giving an improper definition of ordinary care will be deemed to have been adopted by the appellant, where it did not ask an instruction embodying a more correct definition.

5. ——: **Measure of Damages: Married Woman.** Under section 4335 of the Revised Statutes of 1899, a married woman is *sui juris*, so that, in an action for damages on account of personal injuries, she is entitled to recover for expenses incurred for medical aid and attention.

6. ——: **Instruction: General Terms.** An instruction in general terms will not be held erroneous for that reason, for it is the duty of counsel who objects to such instruction to ask explanatory instruction.

7. ——: **Excluding Evidence at Instance of Party Offering It.** Where a party on cross-examination brings out evidence which he deems incompetent, he should move the court at once to exclude it, and it is not error to refuse an instruction directing the jury not to consider it.

8. ———: **Examining Witness.** An error of the trial court in refusing to permit a witness to answer a proper question will not be reviewed unless the record shows what answer was expected of the witness.

9. ———: **Res Adjudicata: Second Appeal.** All legal propositions passed upon by the appellate court in a first appeal become the law of a case and will not be again considered.

Appeal from Lincoln Circuit Court.—*Hon. H. W. Johnson,* Judge.

AFFIRMED.

*Wheeler & Powell* and *W. A. Dudley* for appellant.

(1)   The court erred in admitting evidence of the habit or custom of cattle and "stock" as to running on defendant's road. Ashby v. Gravel Road Co., 99 Mo. App. 178, 73 S. W. 229.   (2)   The court erred in his verbal declaration of law that the presence of "stock" unattended on the road was evidence of negligence on defendant's part and that defendant must keep the road clear. Even if written it would have been error. Wright v. Richmond, 21 Mo. App. 76; State v. Rothschild, 68 Mo. 52.   (3)   The court erred in allowing plaintiff to read the transcript of the evidence of the witness Watson, to the jury and impeach him under the pretense of refreshing his memory. Dunn v. Dunnaker, 87 Mo. 597; Brown v. Wood, 19 Mo. 475.   (4)   The court erred in giving instruction numbered 7 allowing a recovery for medical and surgical attention. Her husband was liable for this expense and entitled to recover it in his action against defendant, if anybody is. It was not shown Mrs. Ashby ever contracted to pay it. Hill v. Sedalia, 64 Mo. App. 494; McLean v. Kansas City, 81 Mo. App. 72. Nor does said instruction properly limit the jury to specific elements of damages. Jocquin v. Cable Co., 57 Mo. App. 320.   (5)   Plaintiff's eighth instruction is erroneous, leaving it to the uninstructed notions of the jury as to what degree of care defendant

was required to exercise. It is contrary to all the definitions of negligence. Wharton on Negligence, sec. 3; Bishop on Non-contract Law, sec. 436; Lloyd v. Railroad, 128 Mo. 595, 29 S. W. 153, 31 S. W. 110; Hartman v. Muchlebach, 64 Mo. App. 565; Anderson's Law Dictionary, Titles Care, Sub-title, Ordinary Care. (6) The court erred in excluding the evidence of the witness Reid on the topography of the grounds about the Stephens bridge. Madden v. Railway, 50 Mo. App. 666; Greenwell v. Crow, 73 Mo. 638; McPherson v. Railroad, 97 Mo. 253, 10 S. W. 846.

*Norton, Avery & Young* and *Nathan Elliott* for respondent.

(1) "When all the legal propositions presented on the second trial are passed upon in the former trial, the law of the case is settled on the first appeal." Carey v. West, 165 Mo. 452, 65 S. W. 713; Lawson v. Spencer, 90 Mo. App. 514. "And only such questions will be inquired into as were not determined in the previous decisions." Livingston v. Allen, 87 Mo. App. 179; Printing Co. v. Protective Association, 81 Mo. App. 467. "And the rulings in first appeal must govern in the second, even though they are erroneous." Hume v. Eagon, 83 Mo. App. 576; Wolf v. Ins. Co., 86 Mo. App. 580. (2) Under this subdivision of his brief and argument, appellant first complains that the court erred in not permitting witness Reid to give an opinion as to whether the road at the place of the injury could have been made wider, taking into consideration the topography of the surrounding land. Respondent objected to Reid giving his opinion for two reasons: First, because Reid had not qualified as an expert, and second, because the subject-matter was not such as required or admitted of expert testimony. St. Louis v. Babcock, 156 Mo. 148, 56 S. W. 731; State v. Murphy, 90 Mo. App. 548; Johnson v. Boonville, 85 Mo. App. 199.

BLAND, P. J.—1. This cause was appealed here on a former occasion and is reported in 99 Mo. App. 178. The evidence on the second trial is substantially the same as on the first one. In the opinion filed by Judge GOODE on the former appeal, a full and fair statement of the pleadings and facts, as shown by the record, is set forth and we adopt his statement in full. The last trial resulted in a verdict and judgment for plaintiff in the sum of six hundred and fifty dollars, from which defendant duly perfected its appeal.

One of the allegations of negligence in the petition is, that the defendant permitted cattle to run unattended upon its road. In the opinion on the former appeal it is said: "There is nothing in this case to show that it amounted to negligence to let cows stray on the road from cross-roads to the extent they did." Over the objection of the defendant, plaintiff was permitted to show that cattle, unattended, did stray upon the road. This ruling is assigned as error.

The jury was expressly instructed that defendant was not required to keep stray cattle off of its road and could not be convicted of negligence if they strayed upon it. This instruction practically withdrew from the jury all the evidence in regard to cattle straying on the road except the mere fact that they were on it at the time and place of the injury; to show this latter fact was a part of plaintiff's case and so connected therewith that proof of it could not be dispensed with. In this same connection the court, in passing on objections to evidence offered to show that cattle strayed upon the road, made the following oral declaration or statement in the presence of the jury, to which defendant objected and excepted at the time:

"The objection is overruled in this view of the case, that the gravel road charging toll for the use of the road must keep the road clear like a road overseer must keep the public highway clear of obstructions, and it might possibly be an element in the case."

Defendant's objection was not carried forward in the motion for new trial and is nowhere mentioned or referred to in said motion.

In Harris v. Powell, 56 Mo. App. l. c. 26, this court, in passing upon a similar objection in like circumstances, said:

"Complaint is also made by appellant as to the remarks of the court in excluding the evidence offered to prove the customs of physicians in visiting patients. The exception to these remarks of the court, not having been called to its attention in the motion for a new trial, is to be deemed waived."

In respect to the same character of evidence, Watson, a witness for plaintiff, was partially examined by referring to his evidence on the former trial as preserved in the bill of exceptions, to which mode of examination defendant duly objected and excepted. If the witness was reluctant, or if his memory was clouded, we can see no impropriety in this course of examination. It was a matter resting very largely in the discretion of the trial judge and if it does not appear he abused his discretion, such an examination, though out of the usual course, does not call for a reversal of the judgment. We observe nothing in the record in respect to the examination of this witness to convince us that the trial court abused its discretion in regard to the mode and manner of his examination.

2. The contention is made that the instructions given for plaintiff are erroneous. In respect to the general instructions, it suffices to say that after a careful reading of them we think they are in harmony with the opinion of this court delivered on the former appeal. They are confined to the issues raised by the pleadings and are supported by the evidence. Special objections, however, are made to instructions numbered seven and eight which read as follows:

"7. The court instructs the jury that if you find the issues for the plaintiff, you will in estimating her

damages take into consideration the character and extent of her injuries, the mental and physical pain and suffering endured by her in consequence of such injuries, and their permanency, if by the evidence shown to be permanent, and any amounts shown by the evidence to have been expended by her or contracted by her for medical and surgical attention, this item not to exceed one hundred and twenty-five dollars, and you may find for her in such sums as under the evidence will be a reasonable compensation for the injuries shown by the evidence to have been sustained by her, in all not to exceed the sum of five thousand dollars.

"8.    The court instructs the jury that whenever the term 'ordinary care' or in an ordinarily careful manner'· is used in these instructions, that it means such care as an ordinarily prudent, careful person or persons would or should exercise or use under like conditions or circumstances."

The objection to number eight, defining ordinary care, is in the use of the phrase "would or should exercise." The contention is that "would or should" require the exercise of more than ordinary care; the exercise of such care as, in the judgment of the jury, a person of ordinary prudence should use, and not such care as ordinarily prudent persons do use in like circumstances. The instruction is open to criticism; but the defendant used the phrase "ordinary care" in its instruction (No. 2) given, without attempting a definition. This indicates that defendant was satisfied with the definition given, if it was not and desired a more definite and correct definition, it should have asked for one; by not doing so, it is deemed to have adopted the one given. [Harmon v. Donohoe, 153 Mo. l. c. 274, 54 S. W. 453; Browning v. Railway, 124 Mo. l. c. 71, 27 S. W. 644.] In regard to instruction numbered seven, it is insisted that it is too broad and that plaintiff, being a married woman, is not entitled to recover for medical aid and attention. The latter objection is answered against de-

fendant by the case of Hickey v. Welch, 91 Mo. App. 15, where it is said:

"It is also assigned for error that plaintiff was permitted to recover the cost of medical attendance at all, on the ground that her husband was liable for such necessary expense instead of her. That was once law in this State, but since a married woman has been made *sui juris* is no longer. If she personally incurs such a debt or makes such an outlay, she may recover it. [R. S. 1899, sec. 4335.; Hill v. Sedalia, 64 Mo. App. 494.]"

In respect to the other objection, to-wit, that the right to recover is stated too broadly, it will be found that it is stated no broader than in a like instruction given in the case of Browning v. Railway, 124 Mo., where, at page 72, in regard to which instruction, the court said:

"The instruction is not erroneous in its general scope; and if, in the opinion of counsel for defendant, it was likely to be misunderstood by the jury, it was the duty of the counsel to ask the modifications and explanations, in an instruction embodying its views." [See also Harmon v. Donohoe, supra.]

3. In the examination of the superintendent of the road, defendant brought out the fact that the road (at the place of the accident) had been broadened and guard rails erected, after the accident happened, and offered the following instruction in respect to this evidence which the court refused:

"2. The court instructs the jury that whether or not the defendant's road has been widened or whether or not guard rails have been put up immediately east of Stephens bridge on said road is immaterial to any of the issues in this case, and the jury is instructed to disregard all the testimony in regard to these matters."

The refusal of this instruction is assigned as error. It seems to us that the defendant should not have offered this evidence; that after it was offered, if defendant desired to withdraw the same, it should have at once

moved the court to do so, and that its motion came rather late. It is not good practice to permit a party to experiment with his witnesses by offering incompetent evidence and, when he finds at the end of the trial that it does not answer his purpose or that it is prejudicial, to permit him to withdraw it from the jury. We think, under the circumstances, the court properly refused to withdraw the evidence from the jury.

4. The defendant offered a witness (Reid) to give an opinion as to whether the road, at the place of the accident, could have been made wider, taking into consideration the topography of the surrounding land. Plaintiff objected to this evidence on the ground that Reid had not qualified as an expert. The court sustained the objection. This ruling was assigned error. It is nowhere stated in the bill of exceptions what Reid's answer would have been, if he had been permitted to answer the question, or what the defendant expected to prove by him. In this state of the record, the ruling of the trial court is not reviewable. [St. Louis v. Babcock, 156 Mo. 148, 56 S. W. 731; State ex rel. v. Hickman, 85 Mo. App. 199; State v. Murphy, 90 Mo. App. 548.]

5. Instructions were asked by defendant and refused which were opposed to the law of the case as set forth in the former opinion of this court; but it is earnestly insisted by counsel for defendant that we review some of the legal points ruled on in the former opinion. All the legal propositions in the case that we passed on in the former opinion have become the law of the case. [Carey v. West, 165 Mo. 452, 65 S. W. 713; Lawson v. Spencer, 90 Mo. App. 514.] Not only so, but we think they were all correctly decided and for these good and sufficient reasons refuse to review or reconsider them.

Discovering no reversible error in the record, the judgment is affirmed. All concur.