JAMES M. RIPPETOE, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 1, 1909.**

**RAILROADS: Negligence: Instruction.** The use of the words "carelessly and negligently" in an instruction does not always constitute error; and, if the defendant uses the same expression it is in no condition to complain. If a more specific instruction was desired, a request for same should have been made.

Appeal from Cooper Circuit Court.—*Hon. W. H. Martin,* Judge.

AFFIRMED.

*George P. B. Jackson* for appellant.

The court erred in admitting, over the objection of the defendant, the testimony of the witness Moss, relative to the alleged conversation of the witness with defendant's witness, Conductor Schaeffer. The question asked Moss did not conform to the one asked Schaeffer, nor did it pertain to any material issue in the case. The court erred in refusing to give peremptory instruction to sustain the demurrer to plaintiff's evidence, and also in refusing to give the peremptory instruction to find for the defendant at the close of all the evidence. There is no sufficient evidence to show that the coupling was made in a negligent manner. The evidence shows that from the character of the machinery and the nature of the work being done in connection with it, it was liable to move along the rails upon which it rested, and that such movement was an incident of the use of the machinery for its intended purposes, and therefore the plaintiff assumed the risk of injury there-

from.  The evidence shows that there is no probability that the accident would have occurred if the levers had been placed in the position in which they were ordinarily placed when the couplings were being made, and that the injury resulted in consequence of the levers being adjusted as they were, and not from the force with which the coupling was made.  The evidence shows that the plaintiff would not have been injured under any circumstances if he had not been standing upon the rail immediately in front of the ditcher at a time when he knew that a coupling was about to be made, and also knew the condition in which the ditcher was placed.  This was such negligence on his part as to preclude a recovery.

*W. M. Williams* and *Roy D. Williams* for respondent.

Defendant, under the statute, is liable for injuries inflicted upon plaintiff through the negligence of its servant in charge of the locomotive engine.  Houston v. Railroad, 129 Mo. App. 576; Stubbs v. Railroad, 85 Mo. App. 192; Orendorff v. Terminal Railroad Assn., 116 Mo. App. 348.  The court properly refused the demurrer to the evidence.  In determining this assignment of error, the testimony in plaintiff's behalf must be taken as true, and every reasonable inference in his favor drawn therefrom.  St. Clair v. Railroad, 122 Mo. App. 528; Blanton v. Dold, 109 Mo. 74; Daugherty v. Railroad, 81 Mo. 325; Mitchell v. Railroad, 132 Mo. App. 151; Bartley v. Railroad, 148 Mo. 140.  The instructions for the plaintiff conformed to the pleadings and required the jury to find that the force and violence with which the cars came together was unusual, extraordinary and unnecessary.  This was the controverted question of fact in the case, and no other specifications of negligence could have been set out under the pleadings.  Bartley v. Railroad, 148 Mo. 140; Mitchell v.

Railroad, 132 Mo. App. 143; Dorsey v. Railroad, 83 Mo. App. 528. If defendant desired more specific instructions it should have asked them. Ashby v. Gravel Road Co., 111 Mo. App. 79; Rattan v. Railroad, 120 Mo. App. 270.

BROADDUS, P. J.—This is an action for damages for personal injuries sustained by plaintiff while working for defendant, as engineer of a steam ditcher in use on defendant's railroad.

The ditcher was set on wheels placed on rails laid on two flat cars, fastened together, which formed a part of one of defendant's trains. At the time of the accident it was standing on a side track. A crane was attached to the machinery with a bucket fastened to the end which operated as a shovel and which took up the earth from the sides of the railroad and deposited it on flat cars in the train. The crane moved in its station laterally and perpendicularly at the will of the engineer on application of power derived from the engine. The cars when loaded were moved away by an engine, and after being unloaded at some other place were returned to the ditcher to be again filled. Before being moved the loaded cars were uncoupled from the ditcher. On the day in question the engine used to move the cars upon which the ditcher was carried from place to place came in on the side track to couple up with the cars upon which the ditcher was stationed. Plaintiff was on the flat car at the south end of the ditcher and in the act of stepping up on the ditcher to his place as engineer, when the other cars of the work train attached to the engine struck the cars carrying the ditcher causing it to move south on the rails lying on the flat cars.

Plaintiff's evidence tends to prove that immediately before he was injured he went under the machine to take some measurements; that before doing so he set the levers to keep the engine in place; that he supposed

that in so setting the levers that they would hold the ditcher in its place as it had for some time previously; that the engine when it coupled other cars to the cars upon which the ditcher was stationed, in the usual manner would not move the ditcher on the flat cars more than two or three inches; that plaintiff, after coming from under the ditcher, was about to step up to his place as engineer and was in front and on the south side of the ditcher when the engine came in on the side track from the south, going north to couple with the flat cars carrying said ditcher and struck them with unusual and extraordinary and unnecessary force; and that in consequence the ditcher moved forward a foot or more running over both his feet and mutilating the left foot so badly that an amputation became necessary whereby he lost one foot.

His evidence tended to show that his position at the time was the proper one; that it was convenient to step on the rail lying on the flat car and then up to his place on the ditcher; that he was standing at least a foot in advance of the wheels of the ditcher; that it had been his custom to stand at this place while couplings were being made, and that it had not at such times moved much forward; and that the force of a coupling ordinarily made would not have moved the ditcher to the place where plaintiff was standing.

The petition alleges, that "defendant's said servants and agents in charge of said locomotive engine carelessly and negligently caused the engine and car attached thereto to suddenly strike the flat cars upon which said steam ditcher was standing with great unnecessary and unusual force and violence, and by reason of said carelessness and negligence in causing said cars to come together with sudden force and violence, said steam ditcher was thrown or moved forward in the direction of said engine and caused to run over and crush plaintiff's feet;" etc. The answer was a general denial except as to the allegations of the petition that defend-

ant was a corporation and was operating and controlling the railroad in question.

The defendant's evidence tended to prove that the coupling in question was not made with unusual force and violence. The jury returned a verdict for the plaintiff for $3,000 upon which judgment was rendered and defendant appealed.

The defendant contends that the court erred in the admission of the evidence of witness named Moss as to what defendant's witness Schaffer said to him on a former occasion. Schaffer was asked, if he did not tell Moss that his testimony could easily cause plaintiff in the case to win or lose it? His answer was that: "I may have been joshing, or something like that. I don't believe I made it to the best of my recollection." When Moss was questioned as to the statement, defendant's attorney objected to the statement because it did not pertain to any material issue in the case. We think it was material. It went to show want of candor and truth on the part of Schaffer. It went to impeach his credibility. This is always admissible.

The defendant insists that plaintiff failed to make out such a case as entitled him to go to the jury. But as plaintiff introduced evidence that went to prove the allegation of negligence and the extent of the injury he sustained by reason of such negligence it is useless to discuss the question. Defendant's counsel has argued the matter with much skill and great length, but after all we do not feel impressed with the correctness of his views.

An instruction given at the instance of plaintiff is criticised by defendant and alleged to be erroneous. The instruction is in the following language: "The jury are instructed that if they believe from the evidence, that on or about the 15th day of June, 1905, plaintiff was in defendant's employ as engineer of a steam ditcher, and that said steam ditcher was set on wheels or rollers and placed on two flat cars fastened

together, and which formed a part of one of defendant's work trains, and was being used in improving and repairing defendant's roadbed on the Columbia Branch of defendant's railroad; and that while the flat cars carrying said steam ditcher were upon a side track, defendant's servant in charge of its locomotive engine used in connection with said work train moved said locomotive engine and some cars attached thereto to the side track upon which said flat cars carrying said ditcher were standing and undertook to couple the cars attached to said locomotive engine to said flat cars, and carelessly and negligently caused the cars attached to said locomotive engine to suddenly strike the flat cars upon which said ditcher was standing with great, unnecessary and unusual force and violence; and that by reason of the carelessness and negligence of defendant's said locomotive engineer, in causing said cars to come together with such force and violence, said steam ditcher was moved forward on said flat cars in the direction of the locomotive engine and was thereby, in consequence of said carelessness and negligence, caused to run over and injure plaintiff's right and left foot, while plaintiff was in the exercise of reasonable care, then plaintiff is entitled to recover, and the verdict should be in his favor."

The criticism is that the words "carelessly and negligently" means nothing in an instruction and that they have the effect to turn "the jury loose to reach a conclusion upon any theory that may seem sufficient to them, without advising them as to what the law requires."

It would be better in all cases of negligence for the court to tell the jury what constituted negligence or carelessness; but that duty is often omitted. The appellate courts however hold that it is not necessary in all cases, for the reason that a jury of ordinary intelligence understands the meaning well enough. Defendant however is in no condition to complain as the court

in instruction numbered two given at its instance also left it to the jury to interpret the expression. Moreover if defendant had desired a more specific instruction as to that it should have asked for it. [Ashby v. Gravel Road Co., 111 Mo. App. 79; Ratton v. Central Electric Ry. Co., 120 Mo. App. 270.]

The court refused to give defendant's instruction numbered four, which contains a proper theory of the case from the defendant's standpoint; but as instruction nine given by defendant contains the same elements, there was no error in the refusal to give the former. It is not necessary to repeat instructions to the jury. We find no error in the record. The cause is affirmed. All concur.